# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 18-14-GF-BMM |
| | ) | |
| **STANLEY PATRICK WEBER**, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS STATEMENTS

**COMES NOW** the defendant, Stanley Patrick Weber, by and through his attorney, Ryan T. Cox, of the law firm Springer and Steinberg, P.C., and hereby moves this court for the entry of an order suppressing from use as evidence at trial any statements made by this defendant to law enforcement agents during the course of this investigation.

AS GROUNDS THEREFOR, the Defendant states as follows:

1.     This is an action wherein Defendant Stanley Patrick Weber ("Weber") is charged with violations of §18 USC et al concerning the alleged sexual abuse of minors.  As part of its investigation, Health and Human Services Special Agent Curt Miller and Fred Bennett, a Special Agent of the Bureau of Indian Affairs, Office of Justice Services, conducted an interview of Weber at his home on May 19, 2016.

2.     Any statements, confessions, admissions or tacit admissions attributed to or made by Weber were involuntary, as they were the result of entrapment or overreaching deportment by federal officers.

3.     A statement is involuntary if it is "extracted by any sort of threats or violence [or] obtained by any direct or implied promises, however slight, or by the exertion of any improper influence." *Hutto v. Ross*, 429 U.S. 28, 30 (1976). It is the Government's burden to show by a preponderance of the evidence that the Defendant's statement was voluntary based on the totality of the circumstances. See *United States. v. Lopez*, 437 F.3d 1059 (10th Cir. 2006). The totality of the circumstances must show that the Defendant's will was not overborne by physical or psychological coercion, or by some other improper inducement. See *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); 18 U.S.C. §3501.

4.     Psychological coercion can take many forms. Here, it was utilized by downplaying the significance of the investigation and using casual, friendly meandering to falsely create the specter of informality. Notwithstanding the fact that Weber had a looming indictment for federal crimes, he was assuaged into speaking as if he was being casually interviewed about his career.

> "Voluntariness depends on such factors as the surrounding circumstances and the combined effect of the entire course of the officers' conduct upon the defendant…The test of voluntariness is well established: "Is the confession the product of an essentially free and unconstrained choice by its maker?...The line of distinction is that at which governing self-direction is lost *and compulsion, of whatever nature or however infused*, propels or helps to propel the confession.'" *Henry v. Kernan, 197 F.3d 1021, 1027 (9th Cir. 1999),* citing *Collazo v. Estelle, 940 F.2d 411,416 (9th Cir. 1991)* (Emphasis in original)

5.     A thorough review of the circumstances of this interrogation will reveal that the interviewers did overcome Weber's will, albeit not be force or threats.  Rather, they cajoled him into compliance, and in so doing elicited statements that were not the product of his voluntary decision to speak.

6.     For that reason, such statements should be suppressed from use by the United States of America at the trial of this case.

7.     Undersigned counsel has conferred with Assistant United States Attorney Jeffrey K. Starnes, Esq., representing the United States of America in this case.  Mr. Starnes has indicated that he does object to the suppression of any evidence.

**WHEREFORE**, and for the foregoing reasons, the Defendant prays for the relief requested, and for such other and further relief as the Court deems just and proper in the premises.

Dated this 13th day of April, 2018.

Respectfully submitted,

/s/ *Ryan T. Cox*
Ryan T. Cox,
Admitted Pro Hac Vice
Colorado Bar Number 49882;
Florida Bar Number 0032686
Springer & Steinberg, P.C.
1600 Broadway
Denver, CO 80202
Tel: 303-861-2800
Fax: 303-832-7116
rcox@springersteinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2018, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties entered in the case.

/s/ *Ryan T. Cox*
Ryan T. Cox,
Admitted Pro Hac Vice
Colorado Bar Number 49882;
Florida Bar Number 0032686
Springer & Steinberg, P.C.
1600 Broadway
Denver, CO 80202
Tel: 303-861-2800
Fax: 303-832-7116
rcox@springersteinberg.com