IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR 18-14-GF-BMM |
| ) | |
| **STANLEY PATRICK WEBER**, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR DISCLOSURE BY GOVERNMENT OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO RULE 413 AND 414, F.R.E., AND FOR A HEARING ON SAME**

**COMES NOW** the Defendant, Stanley Patrick Weber, by and through his attorney, Ryan T. Cox, of the law firm of Springer and Steinberg, P.C., and hereby moves this Honorable Court for the entry of an Order directing the United States Government to provide the Defendant with notice, sufficiently prior to trial, of any evidence the United State intends to introduce pursuant to Rule 413 or 414, F.R.E., and for a hearing regarding the admissibility of such evidence.

**AS GROUNDS THEREFOR**, states as follows:

1. Rule 413, F.R.E., allows the court to admit evidence of other sexual assaults. It provides, in pertinent part:

> In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.

3. Rule 414, F.R.E., is similar, but applies to child molestation cases. It says, in pertinent part,

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

4. Both rules provide the same deadline for disclosure of this evidence prior to trial.

> If the prosecutor intends to offer this evidence, the prosecutor must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony. The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause.

5. Given the nature of the charges in this case, and the information provided to Defendant's counsel in discovery, Defendant anticipates the introduction of evidence under this rule, and would request that the Government makes its disclosure of intent much sooner than the deadline mandated by the rule. This is especially essential, because these rules specifically define the type of evidence that meets their parameters.

6. Rule 413(d), which applies to sexual assault cases, defines 'sexual assault' as follows:

> (1) any conduct prohibited by 18 USC chapter 109A;
> (2) contact, without consent, between any part of the defendant's body – or any object – and another person's genitals or anus;
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;

    (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
    (5) an attempt or conspiracy to engage in conduct described in paragraphs 1-4.

7.  Likewise, Rule 414(d), which applies to child molestation cases, defines 'child molestation' as follows:

    (1) "child" means a person below the age of 14; and
    (2) "child molestation" means a crime under federal law or under state law (as "state" is defined un 18 USC §513) involving:
      (a) any conduct prohibited by 18 USC chapter 109A and committed with a child;
      (b) any conduct prohibited by 18 chapter 1 10;
      (c) contact between the defendant's body – or an object – and a child's genitals or anus;
      (d) contact between the defendant's genitals or anus and any part of a child's body;
      (e) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or
      (f) an attempt or conspiracy to engage in conduct described in subparapgraphs (a) – (e)

8.  The parties to this case are likely to have disagreement about what other allegations fit within these rules. The defendant submits that waiting until the eve of trial to produce these statements will be at best disruptive, but at worst will prevent the defendant from obtaining a fair trial. Instead, requiring the government to provide statements of likely witnesses in the possession of the government in advance of trial will allow the defendant to make a more informed choice in regard to plea negotiations and will allow the defendant to

more fully prepare for trial. In the alternative, should the court be unwilling to require the United States to provide these materials early, the defendant hereby moves that the court order the government to provide these materials pursuant to the rule.

**WHEREFORE**, the Defendant prays for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

Dated this 13th day of April, 2018.

>Respectfully submitted,
>
>/s/ *Ryan T. Cox*
>Ryan T. Cox,
>Admitted Pro Hac Vice
>Colorado Bar Number 49882;
>Florida Bar Number 0032686
>Springer & Steinberg, P.C.
>1600 Broadway
>Denver, CO 80202
>Tel: 303-861-2800
>Fax: 303-832-7116
>rcox@springersteinberg.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 13th day of April, 2018, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties entered in the case.

     /s/ *Ryan T. Cox*
     Ryan T. Cox,
     Admitted Pro Hac Vice
     Colorado Bar Number 49882;
     Florida Bar Number 0032686
     Springer & Steinberg, P.C.
     1600 Broadway
     Denver, CO 80202
     Tel: 303-861-2800
     Fax: 303-832-7116
     rcox@springersteinberg.com