IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 18-14-GF-BMM |
| | ) | |
| **STANLEY PATRICK WEBER**, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO DISCLOSE AND PRODUCE *BRADY* (EXCULPATORY) MATERIAL

**COMES NOW** the Defendant, Stanley Patrick Weber, by and through his attorney, Ryan T. Cox, of the law firm of Springer and Steinberg, P.C., hereby moves this Court to order the United States Government to furnish copies and/or the opportunity to copy any and all exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1984), *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 155, 131 L.Ed.2 490 (1995) and their progeny.

More specifically, the Defendant asks this Honorable Court to require the Government, prior to trial, to produce or to provide an opportunity to inspect any evidence, material, or information within the possession, custody or control of the Government, or that by the exercise of reasonable diligence may be obtained by the Government, including any information in the possession of any investigative agencies, that is favorable to or exculpates the Defendant in any way; that tends to establish a defense in whole or in

part to the allegations in the Indictment; that impeaches any witness the Government intends to call; or that may help the Defendant avoid conviction or mitigate punishment.

The Defendant's request includes, but is not limited to, the following:

1. Any evidence, material or information that would tend to impeach the credibility of any person whom the Government intends to call as a witness. *See, Kyles v. Whitley,* 514 U.S. 419 (1995); *U.S. v. Bagley*, 473 U.S. 667 (1985); *Mills v. Scully,* 653 F. Supp. 885 (S.D.N.Y. 1987), *rev'd on other grounds,* 826 F.2d 1192 (2d Cir. 1987).

    a. Any record of any Government witness' arrest or conviction maintained and prepared by the Federal Bureau of Investigation, the Drug Enforcement Administration, other federal law enforcement agencies, and state and county law enforcement agencies involved in the investigation of this case.

    b. Any facts or allegations concerning criminal or other misconduct of any Government witness that is not reflected on his or her criminal record including any material information found in his or her probation file or any pending criminal charge or investigation against the witness or any business entity with which he or she is connected. *See, United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989), (probation file must be produced if material and relevant).

    c. Any material relating to any Government witness' mental or physical history that tends to impair or reflect adversely on

      his or her reliability as a witness, including but not limited to any information that would tend to affect the witness' motive to testify or ability to perceive, recall, or understand events.

    d. Any statements made, written or recorded, by or of the Government witnesses referring or relating to any of the above mentioned matters.

    e. Any information that tends to contradict the testimony that the Government anticipates will be given by any of its witnesses. *See, McDowell v. Dixon*, 858 F.2d 945 (4th Cir. 1988), *cert. denied,* 489 U.S. 1033 (1989) (state witness misidentified the defendant before trial and it should have been revealed).

    f. Any information showing that the testimony was motivated in any degree by a personal animosity or feelings of revenge toward the Defendant, or by promises or leniency to the witness or others, or promises of non-prosecution of the witness or others.

    g. Any information concerning any Government witness' failure (especially repeated failure) of a lie detector test. *Carter v. Rafferty*, 826 F.2d 1299 (3d Cir. 1987), *cert. denied*, 484 U.S. 1011 (1988) (star witness incapable of telling the truth because he failed numerous lie detector tests and this must be revealed to the defense). But *see, Wood v. Bartholomew*, 516 U.S. 1 (1995).

2. Any and all statements, testimony, memoranda, interviews, documents or summaries, relating to the criminal charges or the

defendants in this case, or any portion thereof, that the Government is aware of or should be aware of or has control over, by any person, that contradict, in whole or in part, this Defendant's or any co-defendant's culpability in the offense charged, or that contradicts and any statement (by that person or any other person) or which it intends to use or rely on in any manner in connection with the trial of this case. *Kyles v. Whitley, supra.*

3. All evidence that tends to minimize or negate the probative effect of the Government's evidence of Defendant's participation in the allegations set forth in the indictment. *See, United States ex. rel. Smith v. Fairman*, 769 F.2d 386 (7th Cir. 1985) (report revealed gun allegedly used by defendant was inoperable).

4. Any evidence, statement, or information in the possession of the Government describing or relating to the conduct of the Defendant or others that in any way refutes or is inconsistent with Defendant's participation in the alleged offenses, including but not limited to the following:

    a. Any written, recorded, or oral statements or comments made by witnesses or others to any person, including Government agents and the Grand Jury, whether by informal debriefings or formal grand jury testimony, that are favorable to the Defendant, including but not limited to whether any other person or persons might be the source of any illegal activity attributed to the Defendant.

    b. Any written, recorded or oral statements or comments of persons interviewed by the Government in this matter who

      are not expected to be witnesses for the Government at the trial;

  c. Any results, reports, and opinions obtained from examinations, tests, and experiments on physical items and evidence that indicate a lack of criminal involvement or which are otherwise favorable to the Defendant.

  d. Any evidence, statement or information that tends to contradict the testimony that the Government anticipates will be given by any one of its witnesses. *United States v. Foster*, 874 F.2d 491 (8th Cir. 1988) (prosecutor failed to correct false testimony which was a violation of due process); *Brown v. Wainwright*, 785 F.2d 1457 (11th Cir. 1986).

  e. Any evidence relating to searches and seizures, aural, wire, electronic or otherwise, that would make any search or seizure illegal.

5. Any promises, agreements, or deals offered by the Government concerning rewards, special treatment or immunity to witnesses *or others* involved in this case. *Bagley v. United States*, 473 U.S. 667 (1985).

  a. Any evidence that any Government witness has or has sought a financial inducement to testify or a promise of leniency in witness' own criminal dealings or for another person. *Bagley v. Lumpkin*, 798 F.2d 1297 (9th Cir. 1986), *cert. denied*, 434 U.S. 939 (1977); *Moynahan v. Manson*, 419 F.Supp. 1139 (D. Conn. 1976), *aff'd,* 559 F.2d 1204 (2d

Cir. 1977); *Hughes v. Bowers,* 711 F. Supp. 1574 (N.D. Ga. 1989), *aff'd,* 896 F.2d 559 (11th Cir. 1990).

6. Any written or oral statement and/or confession made by the Defendant which is unknown to defense counsel. *See, Government of Virgin Islands v. Martinez*, 780 F.2d 302 (3d Cir. 1985).

7. Any written or oral statement and/or confession made during a debriefing by a Defendant in a prior criminal action whom the Government does or does not intend to call at trial in this case.

8. Any information about any eyewitness for which the prosecution has a name and/or address which the Government does not intend to call. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

9. Any statement or testimony by an expert which would tend to corroborate the Defendant's theory of defense. *People v. Johnson,* 38 Cal. App. 3d 228, 113 Cal. Rptr. 303 (1974).

10. Any information which would tend to lessen the impact of the Sentencing Guidelines on the Defendant in the event of conviction, including but not limited to the role in the offense, lesser quantities, fewer instances of illegal conduct, ignorance of the true scope of any conspiracy and any evidence of acceptance of responsibility.

11. All Grand Jury transcripts from the Grand Jury Proceedings in this case. The Defendant requires these transcripts in order to properly prepare his defense and asses the credibility of all witnesses to be called by either the defense or the Government. *United States v. Rockwell International Corporation*, 173 F.3d 757, 759 (10th Cir. 1999).

Dated this 13th day of April, 2018.

Respectfully submitted,

/s/ *Ryan T. Cox*
Ryan T. Cox,
Admitted Pro Hac Vice
Colorado Bar Number 49882;
Florida Bar Number 0032686
Springer & Steinberg, P.C.
1600 Broadway
Denver, CO 80202
Tel: 303-861-2800
Fax: 303-832-7116
rcox@springersteinberg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2018, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties entered in the case.

/s/ *Ryan T. Cox*
Ryan T. Cox,
Admitted Pro Hac Vice
Colorado Bar Number 49882;
Florida Bar Number 0032686
Springer & Steinberg, P.C.
1600 Broadway
Denver, CO 80202
Tel: 303-861-2800
Fax: 303-832-7116
rcox@springersteinberg.com