**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 18-14-GF-BMM |
| | ) | |
| **STANLEY PATRICK WEBER**, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MOTION FOR SEPARATE TRIAL ON COUNTS IV AND V**

---

**COMES NOW** the defendant, Stanley Patrick Weber, by and through his attorney, Ryan T. Cox, of the law firm Springer and Steinberg, P.C., and pursuant to Federal Rule of Criminal Procedure 8(a) and 14(a), hereby moves this court for the entry of an order which severs for separate trial Counts IV and V.

AS GROUNDS THEREFOR, the defendant states and alleges as follows:

1.    This is a case wherein Defendant Stanley Patrick Weber ("Weber") has been charged with violations of 18 USC, et al, regarding alleged sexual actions on a minor.  More specifically, the allegations are that Weber, between July 1, 1993 and January 24, 1995, engaged in illegal sexual acts with an Indian person under 12 years old (identified as "R.F.H." in the indictment), in violation of 18 USC §1152 (defining Indian Persons) and 18 USC 2241(c) (which defines the sexual act).

2.    Weber is *also* being charged with violations of 18 USC §2243(a) and 18 USC §2244(a)(2), but these concern allegations dated September 15, 1993

and June 30, 1995, and supposedly concern another Indian person, this time a teenager identified as G.R.C.

3.     Weber hereby requests that this court grant relief from the prejudicial joinder of these two separate matters, as they concern different individuals, different crimes, different dates, and different acts.  The only common elements are a) Weber and b) the fact that the victims are of Indian descent, which is to be expected given that Weber has devoted several decades of his life practicing medicine on Indian lands.

4.     By joining these disparate acts, the United States has unfairly prejudiced Weber.

> "Joinder is not prejudicial where 'all of the evidence of the separate count would [still] be admissible upon severance.'" *United States v. Prigge, 830 F.3d 1094, 1098 (9th Cir. 2016)* quoting *United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987)*

5.     That standard is not met in this case.  As evidenced in the indictment, counts I through III involve one victim, who was, over the course of a year and a half period, allegedly engaged in overt sex acts requiring mutually exposed genitalia.  Counts IV and V, meanwhile, detail allegations of two specific instances with an individual older than the first victim, neither of which rises to the severity of the first victim's story.  Count IV relates to an attempt at sexual activity and count V relates to charges of inappropriate touching through clothing.

6.     The stories do not corroborate the other story, either expressly or by implication.  They do not reflect a common scheme or plan, as the conduct is distinguishable (as confirmed by the differing criminal charges).  They are not part of one ongoing incident, as the timeline does not reflect continuous behavior.  Neither witness was supposedly present with the other at the time

of the offense.   Given these issues, evidence from one victim should be properly excluded from the other's trial, as it would taint the case with the appearance of fundamental unfairness; Weber might be convicted on an accumulation of rumors, rather than solid facts.

> "'The rule which thus forbids the introduction of evidence of other offenses having no reasonable tendency to prove the crime charged, except in so far as they may establish a criminal tendency on the part of the accused, is not a mere technical rule of law.  It arises out of the fundamental demand for justice and fairness which lies at the basis of our jurisprudence.  If such evidence were allowed, not only would the time of courts be wasted in the trial of collateral issues, but persons accused of crime would be greatly prejudiced before juries and would be otherwise embarrassed in presenting their defensed on the issues really on trial." *Spencer v. State of Tex., 87 S.Ct. 648, Fn.5 (1967)* quoting *Lovely v. United States, 169 F.2d .386,389 (C.A. 4th Cir. 1948)*

7.      Arguably, such evidence is admissible under rules 413 and 414, F.R.E., which permits the introduction of other sexual assault evidence in a crime involving such sexual activities.   This avenue, if applicable, could avoid the usual prohibition on unrelated evidence.   Instead, the rules would allow the allegations in Count IV and Count V (as testified to by G.R.C.) to be introduced in a trial concerning Counts I, II, and III, where R.F.H. is the victim.   That application of the rule, however, is flawed.

8.      Rule 414, F.R.E. relates to evidence of sexual molestation on a child. But the evidence in support of Counts IV and V does not apply here, since those allegations concern a teenage victim not necessarily below the age of 14.  Pursuant to Rule 414's terms, such person is not a child capable of being

molested. (i.e. "'child' means a person below the age of 14… "*Rule 414(d)(1), C.R.E.*).

9.     Thus, only Rule 413, F.R.E., can potentially be used to bring this disparate conduct into a trial concerning the allegations in Counts I, II, and III.  Rule 413, F.R.E., however, applies to evidence of 'sexual assault', a term specifically defined.   None of the allegations against Weber outlined in Counts IV and V apply.

10.    Rule 413's definition of sexual assault is as follows:

> (1) any conduct prohibited by 18 USC chapter 109A;
> (2) contact, without consent, between any part of the defendant's body – or any object – and another person's genitals or anus;
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in paragraphs 1-4.

11.    None of those definitions apply.  While the allegations in Counts IV and V are egregious, they concern an attempt at a consensual sexual encounter and groping through clothing.  Under the strict definitions of the rule, an attempt at consensual sex, or contact through clothing, suffices as admissible.

12.    Even if this court deems the more relaxed than its plain meaning suggests, that does not obviate the need for the court to remain concerned about the prejudice this evidence invites at trial.

> "…we emphasize that Rule 414 is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally

> relevant and potentially devastating to the defendant. We also emphasize that district courts must apply the balancing test of Rule 403 in a manner that allows for meaningful appellate review." *U.S. v. LeMay, 260 F.3d 1018, 1022 (9th Cir. 2001)*

13.     As such, the court is left with the more fundamental concern that these matters can confuse, inflame, or impassion the jury, potentially leading them to convict Weber as to one crime based on evidence that only tends to corroborate the other, or because they equate the accumulation of accusations with the confirmation of their content.

14.     Pursuant to Fed.R.Evid., Rule 403

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence

15.     This is a case where there is no physical evidence. The allegations, in fact, are over 20 years old. As such, this case will rest on the credibility of the witnesses. Incredible witnesses, when brought in large numbers, can falsely create the impression of truth, when all they really represent is a large whisper campaign against a maligned person. This might explain why two alleged victims, despite experiencing different crimes at different times, are joined in one trial. Even if that is not the reason, the conflation of the evidence, and the fact that the admission of the evidence of one set of crimes could mislead the jury as to the other crimes, warrants the most expeditious solution: severance of the counts according to victim, such that Counts I, II, and III are tired in one trial and Counts IV and V are tried in another trial.

16.     Given the distinct victims, dates, and crimes, there need be no overlap of witnesses, except insofar as investigators chose to be involved in both cases.  Thus, there is no waste of time or need for duplicative evidence.  To the contrary, severing the counts into different trial is simply the best way to ensure the exercise of due process.

> "We…recognize that there is 'a high risk of undue prejudice whenever, as in this case, joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible'…It is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joint counts…than it is to compartmentalize evidence against separate defendants joined for trial.  Studies have shown that joinder of counts tends to prejudice jurors' perceptions of the defendant and of the strength of the evidence on both sides of the case." *U.S. v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986)*, quoting *U.S. v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985)*

17.     Undersigned counsel has conferred with Assistant United States Attorney Jeffrey K. Starnes, Esq., representing the United States of America in this case.  Mr. Starnes does not agree that the court needs to sever the counts in this case.

        **WHEREFORE**, and for the foregoing reasons, the Defendant prays for the relief requested, and for such other and further relief as the Court deems just and proper in the premises.


Dated this 13th day of April, 2018.

Respectfully submitted,

/s/ *Ryan T. Cox*
Ryan T. Cox,
Admitted Pro Hac Vice
Colorado Bar Number 49882;
Florida Bar Number 0032686
Springer & Steinberg, P.C.
1600 Broadway
Denver, CO 80202
Tel: 303-861-2800
Fax: 303-832-7116
rcox@springersteinberg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2018, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties entered in the case.

/s/ *Ryan T. Cox*
Ryan T. Cox,
Admitted Pro Hac Vice
Colorado Bar Number 49882;
Florida Bar Number 0032686
Springer & Steinberg, P.C.
1600 Broadway
Denver, CO 80202
Tel: 303-861-2800
Fax: 303-832-7116
rcox@springersteinberg.com