**JEFFREY K. STARNES**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT  59403
119 First Ave N., Suite 300
Great Falls, MT  59401
Phone:   (406) 761-7715
FAX:      (406) 453-9973
E-mail:   Jeff.Starnes@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **STANLEY PATRICK WEBER**  Defendant. | **CR-18-14-GF-BMM**  **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE BY THE GOVERNMENT OF INTENT TO INTRODUCE EVIDECE PURSUANT TO RULE 807**  (Doc. 24) |

## INTRODUCTION

Weber moves the Court for an order requiring the government to produce, at least 30 days in advance of trial, notice of any statements the government intends to introduce under Fed. R. Evid. 807, the residual exception to the rule against hearsay.

1

## LAW AND ARGUMENT

The residual hearsay exception…accommodates ad hoc instances in which statements not otherwise falling within a recognized hearsay exception might nevertheless be sufficiently reliable to be admissible at trial. *Idaho v. Wright*, 497 U.S. 805, 817 (1990) (citing Senate Judiciary Committee's Note on Fed. Rule Evid. 803(24), 28 U.S.C.App., pp. 786–787; E. Cleary, McCormick on Evidence § 324.1, pp. 907–909 (3d ed. 1984)). Thus, the residual exception to the hearsay rule allows for the admission at trial of a statement that is otherwise properly excluded by the rule against hearsay. Specifically, Rule 807(a) states:

> **(a) In General.** Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> > (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> > (2) it is offered as evidence of a material fact;
> > (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> > (4) admitting it will best serve the purposes of these rules and the interests of justice.

Rule 807 contains a notice requirement that specifically states:

> **(b) Notice.** The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

At this time, the United States has not identified any statements that it intends to introduce by relying upon the residual exception to the hearsay rule. However, the government wishes to note for the record that it will continue to interview witnesses and gather potential evidence until Weber's trial is complete. It is possible, though unlikely, that during its trial preparation, the government may identify evidence which it believes to be properly admissible under Fed. R. Evid. 807. Should that happen, the government will give proper notice of any such statement as required by Rule 807.

Weber's motion correctly notes that Rule 807(b) does not provide a fixed time period for when a disclosure must take place. The United States likewise urges the Court not to impose a fixed time period for disclosure. In the alternative, if the Court decides that a firm time for disclosure must be set, the United States asks for a time of not later than seven (7) days before trial. This time period coincides with when jury instructions, trial briefs and witness lists are due.

## CONCLUSION

Based on the above, the United States asks that Weber's motion be denied.

Respectfully submitted this 30th Day of April, 2018.

        KURT G. ALME
        United States Attorney

        /s/ Jeffrey K. Starnes
        Assistant U.S. Attorney
        Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. CR 47.2, the attached response is proportionately spaced, has a typeface of 14 points or more, and the body contains 639 words.

/s/ Jeffrey K. Starnes
Assistant U.S. Attorney
Attorney for Plaintiff