**JEFFREY K. STARNES**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT  59403**
**119 First Ave N., Suite 300**
**Great Falls, MT  59401**
**Phone:   (406) 761-7715**
**FAX:     (406) 453-9973**
**E-mail:  Jeff.Starnes@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **STANLEY PATRICK WEBER**  Defendant. | **CR-18-14-GF-BMM**  **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISCLOSE AND PRODUCE *BRADY* (EXCULPATORY) MATERIAL (Doc. 25)** |

## BACKGROUND

Weber moves the Court for an order requiring the government to produce all exculpatory material within its possession, custody, or control.  (Doc. 25).   As set forth more fully below, the defendant's motion should be denied.

1

## LAW AND ARGUMENT

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). It does not matter that the non-disclosed evidence was impeachment, rather than direct evidence of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

Evidence is "material" when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Cone v. Bell*, 556 U.S. 449, 469-470 (2009). A "reasonable probability" of a different result is one in which the suppressed evidence "undermines confidence in the outcome of the trial." Kyles v. Whitley, 514 U.S. 419, 434 (1995). *See also Turner v. United States*, 2017 WL 2674152 (U.S. June 22, 2017).

The obligation may exist even without a specific defense request if the evidence is of obvious substantial value to the defense. *United States v. Agurs*, 427 U.S. 97, 110 (1976). "Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) (footnote omitted).

The Department of Justice requires Assistant United States Attorneys to read

2

the constitutional requirements of *Brady* and *Giglio* expansively and encourages prosecutors to err on the side of disclosure. Thus, on March 8, 2018, the United States disseminated to the defense a copy of nearly all discovery within its possession, custody, or control that pertains to this case. Included in that disclosure are all items that the United States must disclose pursuant to *Brady*, *Giglio*, and their progeny. Thus, the defendant's motion is moot.

However, the United States wishes to note that it will continue to investigate the case and interview potential witnesses until the trial is concluded and that it is under a continuing obligation to disclose exculpatory evidence. If the prosecution becomes aware of information that must be disclosed under *Brady, Giglio*, etc., the United States will promptly notify the defense.

## CONCLUSION

Based on the foregoing, the Weber's motion should be denied as moot.

Respectfully submitted this 30th Day of April, 2018.

                                        KURT G. ALME
                                      United States Attorney

                                      /s/ Jeffrey K. Starnes
                                      Assistant U.S. Attorney
                                      Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. CR 47.2, the attached response is proportionately spaced, has a typeface of 14 points or more, and the body contains 553 words.

/s/ Jeffrey K. Starnes
Assistant U.S. Attorney
Attorney for Plaintiff