**JEFFREY K. STARNES**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT  59403
119 First Ave N., Suite 300
Great Falls, MT  59401
Phone:   (406) 761-7715
FAX:     (406) 453-9973
E-mail:  Jeff.Starnes@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**STANLEY PATRICK WEBER**<br><br>Defendant. | CR-18-14-GF-BMM<br><br>**UNITED STATES' RESPONSE TO MOTION FOR EARLY PRODUCTION OF JENCKS MATERIAL (Doc. 27)** |

## BACKGROUND

Weber moves the Court for an order requiring the government to produce any statement of a potential witness in advance of trial pursuant to 18 U.S.C. § 3500(b).  (Doc. 27 at 1).   A witness' prior statement is commonly referred to as "Jencks material."  The United States opposes the motion and urges the Court to

1

deny the motion for the following reasons.

## LAW AND ARGUMENT

Although there is no general constitutional right to discovery in a criminal case, Courts have imposed an affirmative duty upon the prosecution to disclose to a defendant, pretrial, any information that is exculpatory, in nature. *See Brady v. Maryland*, 373 U.S. 83 (1963). Additionally, Rule 16 of the *Federal Rules of Criminal Procedure*, requires the government to disclose certain items of evidence to the defense so that they may prepare for trial. *See* Fed. R. Crim. P. 16(a)(1)(A)-(G). However, Rule 16(a) does not authorize the discovery or inspection of statements by prospective government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act. Fed. R. Crim P. 16(a)(2).

Moreover, under the Jencks Act, in a criminal prosecution brought by the United States, no pretrial statement by a prospective government witness shall be the subject of subpoena, discovery, or inspection until that witness has testified on direct examination. 18 U.S.C. § 3500(a). This rule exists, in part, to protect government witnesses. *Hanks v. United States*, 388 F.2d 171, 173 (10th Cir. 1968). Thus, witness statements are not required to be turned over until "[a]fter a witness has testified on direct examination." 18 U.S.C. § 3500(b). Consequently, a trial court cannot order production of Jencks Act material, over the government's objection, prior to trial. *United States v. Mills*, 641 F.2d 785, 790 (9th Cir. 1981);

*United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986).

More importantly, the United States has already disclosed to the defense the vast majority of Jencks material within its possession. Thus, the defense request is largely moot. To the extent it is not, the Jencks Act itself, as well as the decisions in *Mills* and *Taylor* highlighted above, foreclose the relief Weber seeks.

## CONCLUSION

A witness' pretrial statements to law enforcement that are not otherwise exculpatory, are protected from pretrial disclosure under 18 U.S.C. § 3500. Accordingly, Weber's motion should be denied.

Respectfully submitted this 30th Day of April, 2018.

>KURT G. ALME
>United States Attorney
>
>
>/s/ Jeffrey K. Starnes
>Assistant U.S. Attorney
>Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. CR 47.2, the attached response is proportionately spaced, has a typeface of 14 points or more, and the body contains 525 words.

/s/ Jeffrey K. Starnes
Assistant U.S. Attorney
Attorney for Plaintiff