**JEFFREY K. STARNES**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT  59403
119 First Ave N., Suite 300
Great Falls, MT  59401
Phone:   (406) 761-7715
FAX:     (406) 453-9973
E-mail:  Jeff.Starnes@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**STANLEY PATRICK WEBER**<br><br>Defendant. | **CR-18-14-GF-BMM**<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SEPARATE TRIAL ON COUNTS IV AND V (Doc. 28)** |

## BACKGROUND

Weber moves the Court for an order that severs Counts IV and V of the indictment for separate trial.  (Doc. 28).  As set forth more fully below, the United States opposes the motion and requests the motion be denied.

1

## LAW AND ARGUMENT

### A. Joinder – Rule 8

Under Rule 8(a), Fed. R. Crim. P., offenses may be joined in the same indictment and tried together when they are of the same or similar character, are based on the same act or transaction, or are connected together or constitute part of a common scheme or plan. *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981). When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate. *Id.*; *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970).

In making an assessment of whether joinder is proper, the court examines only the allegations in the indictment. *United States v. VonWillie,* 59 F.3d 922, 929 (9th Cir. 1995). "Similar" charges include those that are "somewhat alike," or those "having a general likeness" to each other. *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir.1980)). Factors such as commonality of testimonial and physical evidence among counts and the number of witnesses that testify about the counts have been examined by courts reviewing the propriety of an initial joinder. *See United States v. Jawara*, 474 F.3d 565 (9th Cir. 2006).

Rule 8 has been broadly construed in favor of initial joinder. *Id.* at 572. For joinder to be improper, it must be "so manifestly prejudicial that it outweigh[s] the

dominant concern with judicial economy and compel[ ]exercise of the court's discretion to sever." *United States v. Armstrong,* 621 F.2d 951, 954 (9th Cir.1980). Thus, "[j]oinder remains the rule rather than the exception in criminal cases. *United States v. Nolan,* 700 F.2d 479, 482 (9th Cir. 1983).

### B. Severance – Rule 14

Severance is governed by Federal Rule of Criminal Procedure 14, which contemplates splitting up counts "if it appears that a defendant or the government is prejudiced by a joinder . . . ." Fed. R. Crim. P. 14. Rules 8 and 14 are intended "to promote judicial economy and efficiency and avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968). The defendant bears the burden of proving he will be substantially prejudiced by one trial and "[i]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

### C. Analysis

Weber's motion to sever should be denied for two reasons. First, all counts in the indictment similar in that each Count alleges Weber either committed or attempted to commit sexual misconduct with juvenile victims on the Blackfeet Indian Reservation. Additionally, the sexual misconduct at issue in Counts I and

IV, and Counts II and V, involve the same acts by the defendant. The only difference is the age of the respective victims—under 12 years of age (Counts I-III) versus between the ages of 12 and 16 (Counts IV and V)—and the aggravating circumstances of the conduct—actual versus attempted oral copulation (*compare* Count I *with* Count IV) and touching genitalia by skin-to-skin contact versus touching genitalia through the clothing (*compare* Count II *with* Count V). Thus, the acts are sufficiently similar to remained joined for a single trial.

Second, there is significant overlap between the testimonial evidence among the counts and the number of witnesses that will testify about the counts for the offenses to remain joined. In this case, in addition to each victim, the United States intends to call several witnesses who lived and or worked on the Blackfeet Indian Reservation in the early to mid-1990s. These witnesses will testify that Weber worked as a physician, that he conducted medical clinics that focused on the treatment of juvenile males, that he conducted group sessions for adolescent males at Browning Middle School where he discussed the use of condoms and sexual education, that he allowed juvenile males to stay at his home and while there he provided entertainment, snacks, soda, video games, and alcohol, that adults and juvenile females were rarely around, that he often provided money to the boys that came to his home, and he frequently took boys on trips off of the reservation.

Furthermore, the United States has previously provided notice of its intent to offer evidence that the defendant engaged in similar acts of sexual misconduct after he left the Blackfeet Indian Reservation. If the Court were to sever the counts as Weber requests, Rules 413 and 414, Federal Rules of Evidence, favor the admission of testimony from the victim identified in Counts IV and V in Weber's trial on Counts I-III and likewise favor the admission of testimony from the victim identified in Counts I-III in Weber's trial on Counts IV and V. The additional victims identified in the United States 413/414 Notice could similarly testify in each case. *See, e.g., United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004) (explaining that Rule 413 [and 414] established "a presumption—but not a 'blank check'—favoring admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct.").

Because Rules 413 and 414 favor the admissibility of propensity evidence in charges involving sexual misconduct, there is no substantial prejudice resulting from the denial of Weber's motion. Moreover, as highlighted above, there is significant overlap in the witnesses that would testify in each case. Under these circumstances, the Court's dominant concern with judicial economy should prevail over Weber's desire to sever the counts.

## CONCLUSION

For the foregoing reasons, Weber's motion to sever should be denied.

Respectfully submitted this 30th Day of April, 2018.

        KURT G. ALME
        United States Attorney

        /s/ Jeffrey K. Starnes
        Assistant U.S. Attorney
        Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. CR 47.2, the attached response is proportionately spaced, has a typeface of 14 points or more, and the body contains 1141 words.

/s/ Jeffrey K. Starnes
Assistant U.S. Attorney
Attorney for Plaintiff