Peter Michael Meloy
MELOY LAW FIRM
P.O. Box 1241
Helena, MT 59624
*Attorney for Dow Jones & Company, Inc.*

**FILED**

**JUL 2 0 2018**

Clerk, U.S. District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR 18-14-GF-BMM |
| ) | |
| **STANLEY PATRICK WEBER,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT AUDIO AND VIDEO RECORDING OF THE PROCEEDINGS

Dow Jones & Company, Inc. has moved this Court for leave to audio and or video record the courtroom proceedings in the captioned matter.

In support of this motion the movant declares as follows:

1. Dow Jones & Company, Inc., a global provider of news and business information, publishes *The Wall Street Journal*, a highly respected and Pulitzer Prize winning international daily

newspaper that provides news, information, commentary and analysis to a broad variety of readers.

2. The *Journal* has been reporting extensively on issues related to the Indian Health Service ("IHS"). For example, the *Journal* recently reported on inaccuracies in the resume of President Trump's nominee for Director of the IHS, after which the nominee withdrew his name from consideration. The *Journal* has also been covering the prosecution of the Defendant, Stanley Patrick Weber, in the captioned matter.

3. Dr. Weber's case is of national significance because it is the first prosecution that the *Journal* is aware of in which a person is alleged to have effectively used the power of a federal government position to perpetrate sex crimes against children. The federal agency in question, the IHS, operates a network of hospitals around the country. and has faced criticism for many years over its operations and alleged dysfunction. The IHS continues to serve roughly 2 million Native American tribal members and its operations are a matter of significant national public interest.

4. The *Journal* is working with *Frontline*, the PBS documentary series and winner of every major award in broadcast journalism, on a video project examining IHS operations. *Journal* staff have conducted video interviews with a number of individuals for this project, including individuals who reside on

reservations served by the IHS. The *Journal* seeks video or audio records of any court proceedings in the Weber matter in order to have that material available for potential use in this video project. Such records would have the benefit of bringing the video project's audience direct testimony from people familiar with the IHS, its operations, and the conduct of and allegations against Dr. Weber. Video or audio material would capture the nuance and details of the actual delivery of statements by witnesses, attorneys, court officers, and the judges beyond that which can be gleaned from a cold transcript.

Although the press and public have the right to be physically present in a court room, there is no constitutional right to bring cameras into or to make audio or video recordings of court room proceedings. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 610 (1978). However, in *Chandler v. Florida*, 449 U.S. 560, 582 (1981), the Supreme Court recognized that the cautious use of modern technology could advance the public interest without infringing upon the defendant's right to a fair trial, leaving it up to the states and courts to decide whether press coverage would be appropriate on a case-by-case basis. *See also Richmond Newspapers v. Virginia*, 448 U.S. 555, 571 (1980) ("To work effectively, it is important that society's criminal process 'satisfy the appearance of fairness,' . . . and the appearance of justice can best provided by allowing people to observe it.")

As authorized by Local Rule 1.3(d), (applicable to criminal proceedings through CR 1.) a Montana federal judge may authorize video-recording on special occasions by written order. No factors are enumerated in Montana's Rule, but other courts faced with such requests, consider various factors. *See e.g. Commonwealth v. Barnes*, 963 N.E.2d 1156, 1171 (Mass. 2012) (noting that "media requests to record court proceedings" are generally granted for "trials and other court proceedings of particular public interest").

California, for example, "has moved from a restrictive approach to a more open, yet cautious approach." *People v. Dixon*, 148 Cal. App. 4th 414, 435 (2007). California's guidelines for determining whether to allow the press to televise or videotape judicial proceedings are set forth in rule 1.150(e)(3). Among the various factors to be considered by the court are the importance of maintaining public trust and confidence in the judicial system, the nature of the case, the effect on any subsequent proceedings in the case, the maintenance of the orderly conduct of the proceeding and any other factor the judge deems relevant.

Given the national nature of this case and the importance of enhancing public trust in the operation of the criminal justice system, the motion for leave to record is consistent with factors favoring its approval.

Wherefore, Dow Jones & Company, Inc. respectfully requests this Court to authorize video-recording as a special occasion, pursuant to L.R. 1.3(d)(G). In the

alternative, Dow Jones & Company, Inc. requests the Court to make its own recording of the proceedings so a copy of the recording may be obtained from the Clerk pursuant to L.R. 1.3 (b)(3).

Dated this \_\_\_19\_\_\_ day of \_\_July\_\_, 2018

Peter Michael Meloy
**MELOY LAW FIRM**
P.O. Box 1241
Helena MT 59624

_____
Peter Michael Meloy, Esq.
*Attorney for The Wall Street Journal*

## CERTIFICATE OF SERVICE

This is to certify that on the \_\_19\_\_ of \_\_July\_\_, 2018, a true and exact copy of the foregoing has been served electronically via the CM/ECF system which will automatically serve a Notice of Electronic Filing on the following:

Ryan T. Cox
Springer and Steinberg, P.C.
1600 Broadway
Denver, CO 80202
rcox@springersteinberg.com
*Attorney for Defendant*

Jeffrey K. Starnes
U.S. Attorney's Office
2601 Second Ave. North Ste 3200
Billings, MT 59101
*Attorneys for the United States*

/s/ Peter M. Meloy
———————————
Peter M. Meloy