IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> STANLEY PATRICK WEBER, <br><br> Defendant. | CR-18-14-GF-BMM <br><br><br> ORDER |

Dow Jones & Company ("Dow Jones") has filed a motion for leave to conduct audio and video recording during the trial in the matter of *United States v. Stanley Patrick Weber*, CR 18-14-GF-BMM, currently set for August 6, 2018. Dow Jones seeks the recordings for use in forthcoming documentary examining the workings of the Indian Health Service. The documentary represents a collaborative effort between the *Wall Street Journal* newspaper and the PBS documentary television series *Frontline*.

Dow Jones brings this motion under Local Rule 1.3(d)(2)(G) of the Local

1

Rules of the District of Montana, which authorizes a judge to permit photography and video recording "on special occasions, such as naturalization or investiture proceedings." In the alternative, Dow Jones asks that the Court make an audio recording of the proceeding and make the recording available to Dow Jones pursuant to Local Rule 1.3(b)(3). The supporting brief filed by Dow Jones does not cite any federal authority for a district court to allow audio or video recording of a criminal proceeding for public dissemination. To the contrary, Judiciary policy expressly prohibits such recordings.

Judicial Conference policy prohibits the broadcasting, recording, or photographing of courtroom proceedings for the purpose of public dissemination. *Guide to Judiciary Policy* Vol. 10, Ch. 4, § 410.10(a). Federal Rule of Criminal Procedure 53 prohibits photographing and broadcasting in the courtroom, stating, "[e]xcept as otherwise provided by a statute or these rules, the court must not permit the taking of photographs in the courtroom during judicial proceedings or the broadcasting of judicial proceedings from the courtroom." As part of the 2002 Amendments to the Criminal Rules, the word "radio" was deleted from Rule 53 to acknowledge cases "applying the current rule to other forms of broadcasting and functionally equivalent means." Advisory Committee Notes to 2002 Amendments to Rule 53.

One such case, cited with apparent approval by the Advisory Committee in

the explanation of the 2002 amendments to Rule 53, is *United States v. McVeigh*, 931 F. Supp. 753 (D. Colo. 1996), in which the trial court concluded that when the court relies on a court reporter to keep the official record, the public dissemination of a concurrently generated electronic sound recording of the proceedings proves to be the functional equivalent of a broadcast and therefore prohibited under Rule 53. *Id.* at 755-756. The court in *McVeigh* had been making electronic recordings available to news outlets on the same day of the hearing before reconsidering its position and ending the practice. The court continued to record the proceedings electronically for internal use, but refused to make the recordings publicly available. *Id.* at 756.

Dow Jones may argue that *McVeigh* proves distinguishable from the instant case on the issue of timing. The recordings in *McVeigh* were disseminated on the same day. Dow Jones's brief seems to contemplate that the recordings that it seeks will not be disseminated until the documentary project has been completed, which could be weeks or months after the trial. Such an argument proves ultimately unpersuasive as nothing in Rule 53's prohibition limits application to "live" broadcasting, and in fact contains no timing element at all. As the court noted in *In re Sentencing*, 219 F.R.D. 262 (E.D.N.Y. 2004), a broadcast is defined as "the 'act of making widely known' or 'radio or television transmission especially for general use.'" *Id.* at 265 (quoting Webster's Third International Dictionary (1967)).

Dow Jones's citations to Local Rule 1.3 fail to identify a valid exception to the rules that prohibit recording of criminal proceedings for broadcast. Local Rule 1.3(d)(2)(G) applies to ceremonial proceedings, as is indicated by its reference to naturalization and investiture proceedings as examples of proceedings for which photography and video recording may be permitted. This interpretation comports with Judicial Conference policy:

> A judge may authorize broadcasting, televising, recording, or taking photographs in the courtroom and in adjacent areas during investiture, naturalization, or other ceremonial proceedings. A judge may authorize such activities in the courtroom or adjacent areas during other proceedings, or recesses between such other proceedings, only:
>
> (1) for the presentation of evidence;
> (2) for the perpetuation of the record of the proceedings;
> (3) for security purposes;
> (4) for other purposes of judicial administration;
> (5) for the photographing, recording, or broadcasting of appellate arguments; or
> (6) in accordance with pilot programs approved by the Judicial Conference.

*Guide to Judiciary Policy* Vol. 10, Ch. 4, § 420(b). A criminal trial does not prove to be a "special occasion" as contemplated by Local Rule 1.3(d)(2)(G).

Judicial Conference policy also prohibits the Court from making a recording under Local Rule 1.3(b)(3) and providing it to the *Wall Street Journal*. Local Rule 1.3(b)(3) provides that if the court "has made an electronic sound recording of a proceeding, a copy of the recording may be obtained from the clerk's office." This rule appears to apply to hearings for which electronic sound recording represents

4

the manner of taking the record. Federal law requires the clerk's office to maintain a copy of the recording and make it available to the public: "the original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge." 28 U.S.C. § 753(b).

Local Rule 1.3(b)(3) does not apply when a court reporter is present in the courtroom to take the record. The clerk does not make an electronic sound recording of the proceeding when a court reporter appears. This interpretation, too, comports with Judicial Conference-Adopted Commentary: "during non-ceremonial proceedings, audio and audio-visual recording equipment may be utilized to make the official record of the proceedings. The authority to use such equipment for the perpetuation of the record does not include the authority to make a record of the proceedings for any other purpose." *Guide* Vol. 10, Ch. 4, § 430(c) (internal citation omitted). The commentary goes on to add:

> Except in connection with the enumerated exceptions, the Conference policy does not authorize audio or video taping in the courtroom for the purpose of subsequent public dissemination. Where an audio or video taping is used to perpetuate the official record, that record will be available to the public and the media to the same extent that an official transcript record is currently available to them.

*Id.* at § 430(i). Dow Jones's motion for leave seeks an accommodation specifically prohibited by Judicial Conference policy and Federal Rule of Criminal Procedure 53. The Defendant has indicated his opposition to the motion.

Accordingly, **IT IS HEREBY ORDERED** that the Motion to Obtain Leave of the Court to Conduct Audio and Video Recordings of the Proceedings (Doc. 58) is **DENIED.**

DATED this 3rd day of August, 2018.

Brian Morris
United States District Court Judge