## INSTRUCTION NO. 1

Members of the jury, you have heard all the evidence. The evidence record is closed. Additional evidence will not be presented, and it is now my duty to further instruct you on the law that applies to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others. The order in which the instructions are given is of no significance. All of the instructions are equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return; that is a matter entirely up to you.

## INSTRUCTION NO. 2

I remind you that the evidence you are to consider in reaching a verdict is limited to the witnesses' testimony, any exhibits that were introduced, and any stipulations. The lawyers are not witnesses. Statements made by the lawyers are not evidence and should not be considered as such by you. A lawyer may not make any statement of fact or any argument about a fact that is not supported by evidence in the record. A lawyer also may not state his or her personal opinion as to matters in issue or about credibility of witnesses. You must disregard any statement of a fact or any argument made by a lawyer at any time during the trial that the evidence does not support. Specifically, you may not consider as evidence any statement made by a lawyer during opening statements concerning potential witness testimony or other evidence that was not produced by testimony or evidence admitted later in trial. You also may not consider as evidence any statement by a lawyer during final arguments that is not supported by the evidence. You must disregard all such statements.

# INSTRUCTION NO. 3

Do not decide the case based on "implicit biases." As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," of which we may not be aware. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.

The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

## INSTRUCTION NO. 4

The Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

# INSTRUCTION NO. 5

Count I of the Indictment charges that between on or about July 1, 1993 and January 24, 1995 at or near Browning, within Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation, being Indian Country, the defendant, Stanley Patrick Weber, knowingly engaged in a sexual act with R.F.H., an Indian Person, by placing his mouth on R.F.H.'s penis and by causing R.F.H. to place R.F.H.'s mouth on his penis, and at the time of the sexual act, R.F.H. had not yet reached twelve years of age, in violation of 18 U.S.C. §§ 1152 and 2241(c).

## INSTRUCTION NO. 6

Count II of the Indictment charges that between on or about July 1, 1993 and January 24, 1995 at or near Browning, within Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation, being Indian Country, the defendant, Stanley Patrick Weber, knowingly engaged in a sexual act with R.F.H., an Indian Person, by intentionally touching R.F.H.'s penis with his hands and causing R.F.H. to touch his penis with R.F.H.'s hands with an intent to abuse, humiliate, harass, degrade, arouse, and gratify the sexual desire of Stanley Patrick Weber, and, at the time of the sexual contact, R.F.H.. had not yet reached twelve years of age, in violation of 18 U.S.C. §§ 1152 and 2241(c).

## INSTRUCTION NO. 7

Section 1152 of Title 18 of the United States Code provides, in pertinent part:

> [T]he general laws of the United States as to punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States,…shall extend to the Indian country.

Indian country means all lands within the exterior boundaries of an Indian reservation.

Section 2241(c) of Title 18 of the United States Code provides:

> Whoever . . . in the . . . territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . [is guilty of aggravated sexual abuse of a child].

## INSTRUCTION NO. 8

In order for the defendant to be found guilty of Aggravated Sexual Abuse of a Child as charged in Counts I and II of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged in a sexual act with R.F.H.;

Second, at the time, R.F.H. was under 12 years of age;

Third, the victim, R.F.H., is an Indian person; and

Fourth, the crime occurred within the exterior boundaries of the Blackfeet Indian Reservation.

The government need not prove that the defendant knew that the other person engaging in a sexual act was under the age of twelve years.

For the purposes of Count I of the Indictment, the term "sexual act" means that the defendant placed his mouth on R.F.H.'s penis, and that the defendant caused R.F.H. to put his mouth on the defendant's penis.

For purposes of Count II of the Indictment, the term "sexual act" means the defendant touched R.F.H.'s penis with his hands and caused R.F.H. to touch the defendant's penis with R.F.H.'s hands, with an intent to abuse, humiliate, degrade, arouse, or gratify the sexual desire of the defendant.

## INSTRUCTION NO. 9

Count III of the Indictment charges that between on or about July 1, 1993 and January 24, 1995 at or near Browning, within Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation, being Indian Country, the defendant, Stanley Patrick Weber, knowingly attempted to engage in a sexual act with R.F.H., an Indian Person, by attempting to insert his penis in R.F.H.'s anus and by attempting to cause R.F.H, to insert R.F.H.'s penis in his anus, and at the time of the sexual act, R.F.H. had not yet reached twelve years of age, in violation of 18 U.S.C. §§ 1152 and 2241(c).

## INSTRUCTION NO. 10

Section 2241(c) of Title 18 of the United States Code provides:

> Whoever . . . in the . . . territorial jurisdiction of the United States . . . knowingly [attempts to] engage in a sexual act with another person who has not attained the age of 12 years . . . [is guilty of attempted aggravated sexual abuse of a child].

## INSTRUCTION NO. 11

In order for the defendant to be found guilty of Attempted Aggravated Sexual Abuse of a Child as charged in Count III of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to engage in a sexual act with R.F.H.;

Second, at the time, R.F.H. was under 12 years of age;

Third, the defendant did something that was a substantial step towards committing the crime and that strongly corroborated the defendant's intent to commit the crime;

Fourth, the victim, R.F.H., is an Indian person; and

Fifth, the crime occurred within the exterior boundaries of the Blackfeet Indian Reservation.

The government need not prove that the defendant knew that the other person with whom the defendant intended to engage in a sexual act was under the age of twelve years.

For purposes of Count III of the Indictment, the term "sexual act" means that the defendant attempted to insert his penis in R.F.H.'s anus and that the defendant attempted to cause R.F.H. to insert R.F.H.'s penis in the defendant's anus.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

## INSTRUCTION NO. 12

Count IV of the Indictment charges that between on or about September 15, 1993 and June 30, 1995 at or near Browning, within Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation, being Indian Country, the defendant, Stanley Patrick Weber, attempted to knowingly engage in a sexual act with G.R.C. an Indian Person, by exposing his penis to G.R.C. and asking G.R.C. to allow him to place his penis in G.R.C.'s mouth, and, at the time of the offense, G.R.C. had attained the age of 12 but had not yet attained the age of sixteen, and Stanley Patrick Weber was more than four years older than G.R.C., in violation of 18 U.S.C. §§ 1152 and 2243(a).

## INSTRUCTION NO. 13

Section 2243(a) of Title 18 of the United States Code provides, in pertinent part:

> Whoever, in the . . . territorial jurisdiction of the United States . . . knowingly [attempts to] engage in a sexual act with another person who has attained the age of 12 years but has not attained the age of 16 years [and] is at least 4 years younger than the [defendant] . . . [is guilty of attempted sexual abuse of a minor].

## INSTRUCTION NO. 14

In order for the defendant to be found guilty of Attempted Sexual Abuse of a Child as charged in Count IV of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to engage in a sexual act with G.R.C., who had reached the age of twelve years but had not reached the age of sixteen years;

Second, G.R.C. was at least four years younger than the defendant;

Third, the defendant did something that was a substantial step towards committing the crime and that strongly corroborated the defendant's intent to commit the crime;

Fourth, the victim, G.R.C., is an Indian person; and

Fifth, the crime occurred within the exterior boundaries of the Blackfeet Indian Reservation.

For purposes of Count IV of the Indictment, the term "sexual act" means that the defendant exposed his penis to G.R.C. and asked G.R.C. to allow the defendant to place his penis in G.R.C.'s mouth.

The government need not prove that the defendant knew the age of G.R.C. or that the defendant knew that G.R.C. was at least four years younger than the defendant.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

## INSTRUCTION NO. 15

Count V of the Indictment charges that between on or about September 15, 1993 and June 30, 1995, at or near Browning, within Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation, being Indian Country, the defendant, Stanley Patrick Weber, knowingly engaged in sexual contact with G.R.C., an Indian Person, by touching G.R.C.'s penis through the clothing with his hand, in violation of 18 U.S.C. §§ 1152 and 2244(a)(2).

## INSTRUCTION NO. 16

Section 2244(a)(2) of Title 18 of the United States Code provides, in pertinent part:

> Whoever, in the . . . jurisdiction of the United States . . . knowingly engages in or causes sexual contact with or by another person . . . [is guilty of abusive sexual contact of a minor].

## INSTRUCTION NO. 17

In order for the defendant to be found guilty of Abusive Sexual Contact of a Minor as charged in Count V of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged in sexual contact with G.R.C.;

Second, G.R.C. was incapable of appraising the nature of the conduct;

Third, the victim, G.R.C., is an Indian person; and

Fourth, the crime occurred within the exterior boundaries of the Blackfeet Indian Reservation.

For purposes of Count V of the Indictment, the term "sexual contact" means that the defendant intentionally touched G.R.C.'s penis through the clothing with his hand, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

## INSTRUCTION NO. 18

In order for the victims R.F.H. and G.R.C. to be found to be Indian Persons, the government must prove the following, beyond a reasonable doubt:

First, the victims R.F.H. and G.R.C. each have some quantum of Indian blood, whether or not that blood is traceable to a member of a federally recognized tribe; and

Second, the victims R.F.H. and G.R.C. were each a member of, or affiliated with, a federally recognized tribe at the time of the offense.

The Blackfeet Tribe is a federally recognized tribe.

Whether the victims R.F.H. and G.R.C. were each a member of, or affiliated with, a federally recognized tribe is determined by considering four factors, in declining order of importance, as follows:

1.    tribal enrollment;

2.    government recognition formally and informally through receipt of assistance reserved only to Indians;

3.    enjoyment of the benefits of tribal affiliation; and

4.    social recognition as an Indian through residence on a reservation and participation in Indian social life.

## INSTRUCTION NO. 19

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO. 20**

The Indictment charges that the alleged offenses were committed "on or about" a certain period of time. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the evidence establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

## INSTRUCTION NO. 21

A separate crime is charged against the defendant in each count of the Indictment. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## INSTRUCTION NO. 22

You are to determine only whether the defendant is guilty or not guilty of the charges in the Indictment. The defendant is not on trial for any conduct not charged in the Indictment.

# INSTRUCTION NO. 23

You have heard evidence that the defendant may have committed other acts of sexual assault and child molestation. You may consider that evidence for any matter to which it is relevant.

You may use this evidence to decide whether the defendant committed the acts charged in the indictment. You may not convict the defendant simply because he may have committed other unlawful acts. You may give this evidence such weight as you think it should receive or no weight.

## INSTRUCTION NO. 24

You have heard evidence that the defendant committed other crimes, wrongs, and acts not charged here, relating to the testimony of Dr. Daniel Foster and Justin Meineke. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident, or corroboration of testimony, and for no other purpose. You may not consider this evidence as evidence of guilt of the crimes for which the defendant is now on trial.

## INSTRUCTION NO. 25

You have heard evidence that Ronald Four Horns, Michael Four Horns, Daniel Martin, and Justin Meineke, were impeached by character evidence and evidence of criminal convictions. You may consider this evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

## INSTRUCTION NO. 26

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

## INSTRUCTION NO. 27

The punishment provided by law for the crimes charged is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## INSTRUCTION NO. 28

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. The government is not required to prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based on pure speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## INSTRUCTION NO. 29

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 30

A verdict form has been prepared for you and will be given to you to take to the jury room.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign it and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION NO. 31

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharge.